*In re* APPLICATION OF THE COUNTY COLLECTOR, For Judgment and Sale Against Lands and Lots Upon Which All or a Part of the General Taxes For Two or More Years are Delinquent Pursuant to Sections 21—145 and 21—260 of the Property Code (Edward Scott, LLC, Petitioner-Appellant, v. Nadine Sackor, Respondent-Appellee).

First District (3rd Division)    No. 1—08—0623

Opinion filed May 27, 2009.

Carter & Reiter, Ltd., of Chicago (Terry Carter and Gregory Reiter, of counsel), for appellant.

Law Office of Nadine R. Sackor, of Chicago (Nadine R. Sackor, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

The petitioner, Edward Scott, LLC (Scott), appeals from an order of the circuit court of Cook County denying Scott's petition for a tax deed because the petitioner failed to serve notice on objector Nadine Sackor (Sackor), a subsequent tax purchaser, pursuant to the filing requirements of sections 22—10 through 22—25 of the Illinois Property Tax Code. 35 ILCS 200/22—10 through 22—25 (West 2006). For the reasons set forth below, we affirm the order of the circuit court.

On November 21, 2003, Green, Inc. (Green), Scott's predecessor in interest, purchased tax certificates at the 2003 Cook County scavenger tax sale. The certificates pertain to the delinquent tax years 2000 and

2001 and relate to two vacant parcels of land located in Riverdale, Illinois (currently identified as permanent index numbers 29—05—205—007—0000 and 29—05—205—010—0000). On January 5, 2006, Sackor purchased tax certificates on the same property at the 2005 scavenger tax sale for the delinquent tax years 2002 and 2003.

On May 26, 2006, Sackor's attorney, Judd M. Harris (Harris), filed a petition for tax deed on Sackor's behalf with the circuit court of Cook County pursuant to section 22—30 of the Property Tax Code (35 ILCS 200/22—30 (West 2006)) and recorded a *lis pendens* notice. On July 7, 2006, Harris filed a petition for tax deed with the circuit court of Cook County on the same property on Green's behalf. Green served take notices pursuant to sections 22—10 through 22—25 of the Illinois Property Tax Code (35 ILCS 200/22—10 through 22—25 (West 2006)) on Chicago Title and Trust Company, as successor trustee to American National Bank and Trust Company, trust number 118892—01, the grantee on a quitclaim deed recorded in 1994 and Simborg Industrial Real Estate, the entity named on the tax bill. Green also published notice in the Chicago Daily Law Bulletin on August 14, 15 and 16, 2006. Green did not, however, serve notice on Sackor. On October 5, 2006, Green redeemed the subject properties from the Sackor tax sale, and on October 13, 2006, at Harris's request and without notification to Sackor, the circuit court dismissed Sackor's tax deed case.

On December 7, 2006, Green filed an application for an order directing the county clerk to issue a tax deed. On April 2, 2007, Sackor filed a *pro se* petition objecting to the issuance of the tax deed alleging that she was entitled to notice of Green's petition for tax deed pursuant to sections 22—10 through 22—25 of the Property Tax Code and that due to Green's failure to notify her its petition for tax deed should be denied.[1]

---

[1]In her petition, Sackor also made several allegations regarding the conduct of her attorney, Judd Harris, including assertions that he "intentionally, deceitfully and fraudulently with malice has proceeded on the behalf of Green, Inc.," and that he violated the Illinois Rules of Professional Conduct in representing her and Green with regard to the same property. Our supreme court, and the agency to which it has delegated authority, the Attorney Registration and Disciplinary Commission (ARDC), has exclusive jurisdiction to discipline or sanction the unprofessional conduct of attorneys admitted to practice before it, and therefore, we will not address those issues here. On August 28, 2008, the ARDC filed a complaint against Harris (*In re Judd Harris,* No. 08 CH 96) alleging violations of Rules 1.7(a), 1.7(b), 1.9(a)(1), 8.4(a)(4) and 8.4(a)(5) of the Illinois Rules of Professional Conduct (134 Ill. 2d Rs. 1.7(a), (b), 1.9(a)(1), 8.4(a)(4), (a)(5)) for actions taken during his representation of Sackor.

On October 30, 2007, Green filed a motion to dismiss Sackor's petition pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 2006)). Green also filed motions requesting that Scott be substituted as petitioner and for an order tolling the period of time to take out and record a tax deed. On November 14, 2007, the circuit court issued orders granting Green's request to substitute Scott as petitioner and the request for a tolling of the period of time to take out and record a tax deed. With regard to Green's motions to dismiss Sackor's petition, the court denied the section 2—619 motion in its entirety and granted the section 2—615 motion in part, while striking portions of the petition as irrelevant.

After a hearing on Sackor's petition, the circuit court issued an order on December 5, 2007, denying Scott's petition for tax deed, stating that "Nadine Sackor, the subsequent tax purchaser, having a lis pendens filed of record, was a necessary party entitled to notice within 3 and 5 months prior to the expiration of redemption in this case." The court found that failure to serve notice on Sackor was a fatal defect under the notice serving requirements of sections 22—10 through 22—25 of the Illinois Property Tax Code (35 ILCS 200/22—10 through 22—25 (West 2006)). The court also vacated the tolling order entered on November 14, 2007. Scott filed a motion for reconsideration, which was denied. This appeal followed.

The resolution of this appeal requires this court to construe several sections of the Illinois Property Tax Code. Because the construction of a statute is a matter of law, review is *de novo. In re Application of the County Collector*, 356 Ill. App. 3d 668, 670 (2005).

■ Pursuant to section 22—40(a) of the Illinois Property Tax Code, a tax deed may be issued only after a purchaser has met the following six requirements: (1) the redemption period expires and the property has not been redeemed; (2) all taxes and special assessments that became due and payable subsequent to the sale have been paid; (3) all forfeitures and sales that occur subsequent to the sale have been redeemed; (4) the notices required by law have been given; (5) all advancements of public funds under the police power made by a city, village or town under section 22—35 have been paid; and (6) the petitioner has complied with all the provisions of law entitling him to a deed. 35 ILCS 200/22—40(a) (West 2006). Section 22—40(a) provides that only when all six requirements have been met " 'shall [the court] enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed.' " *In re Application of the County Treasurer & ex officio County Collector*, 389 Ill. App. 3d 398, 401 (2009), quoting 35 ILCS 200/22—40(a) (West 2006).

■ The issue in this case is whether Green, Scott's predecessor in interest, gave notices required by law. Section 22—10 of the Property Tax Code requires that a purchaser give notice of the sale of delinquent taxes and the expiration of the redemption period to "the owners, occupants, and parties interested in the property." 35 ILCS 200/22—10 (West 2006). Scott contends that the trial court erred in holding that a subsequent tax certificate holder is entitled to notice pursuant to section 22—10. Scott first asserts that Sackor, as the holder of a tax certificate, did not have an interest in the property that would entitle her to notice because a tax certificate is personal property or an executory interest that does not give the certificate holder any equity or title to the property until a petition for a tax deed has been granted.

This court could find no authority as to whether a subsequent tax purchaser has a sufficient interest in the property to mandate notice under section 22—10 of the Property Tax Code. In *In re Petition of Conrad Gacki Profit Sharing Fund for Tax Deeds*, 261 Ill. App. 3d 982 (1994), this court held that a prior tax purchaser was not entitled to notice of a subsequent tax purchaser's petition for tax deed. The court also stated that a tax certificate is a "mere species of personal property" and does not give the certificate holder a "real property interest in the land until the certificates have been redeemed and the petition for a tax deed has been granted." *Gacki*, 261 Ill. App. 3d at 984-85. However, that part of the opinion was only *dicta* and, therefore, not controlling authority.

■ It is clear that a tax certificate does not pass title to the purchaser until the redemption period has passed and a tax deed has been issued. *Illinois Ry. Museum, Inc. v. Siegel*, 132 Ill. App. 2d 77, 82 (1971). However, the purchase of a tax certificate does confer some rights upon the buyer. For instance, pursuant to section 21—410 of the Property Tax Code, a tax certificate purchaser may petition for the appointment of a receiver to prevent waste on the property (35 ILCS 200/21—410 (West 2006)) and section 21—310 of the Code permits a tax certificate purchaser to request that a court declare a sale to be in error (35 ILCS 200/21—310 (West 2006)). A tax certificate purchaser also has the right to redeem subsequent tax years pursuant to section 21—345 of the Code (35 ILCS 200/21—345 (West 2006)) and the right to proceed to tax deed, pursuant to section 22—30 of the Code, if the redemption period expires and the property has not been redeemed (35 ILCS 200/22—30 (West 2006)). Additionally, a tax certificate purchaser has the right to request that a court expunge a redemption on the grounds that, for instance, the redemption was not for a legally sufficient amount (*In re Application of the County Treasurer & ex officio Collector*, 323 Ill. App. 3d 1044 (2001)), the person making the

redemption does not have a redeemable interest (*In re Application of the Cook County Treasurer*, 185 Ill. 2d 428 (1998)), or the redemption was made after the redemption period expired (*In re Application of the County Collector for Judgment & Order of Sale Against Land & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1996 & Prior Years*, 318 Ill. App. 3d 641 (2000)). Clearly, then, a tax certificate purchaser does acquire some interest in the property and the right to take certain actions to protect that interest.

Scott contends, however, that because Sackor had no right to redeem the properties, she was not entitled to notice under section 22—10. Section 22—40(a) of the Property Tax Code provides, in part:

"If the redemption period expires and the property has not been redeemed and all taxes and special assessments which became due and payable *subsequent* to the sale have been paid and all forfeitures and sales which occur *subsequent* to the sale have been redeemed and the notices required by law have been given *** the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed." (Emphasis added.) 35 ILCS 200/22—40(a) (West 2006).

Therefore, although a tax certificate holder, such as Sackor, has a right to redeem *subsequent* tax sales, she does not have a right to redeem *prior* tax sales.

However, the right to redeem a tax sale is not dispositive of whether notice of the tax deed proceeding is required. As our supreme court stated in *In re Application of the Cook County Treasurer*, 185 Ill. 2d 428, 434 (1998), "not all parties entitled to notice have a right to redeem." The court noted that under section 21—345 of the Property Code, an "owner or person interested" in the property has a right to redeem. 35 ILCS 200/21—345 (West 2006). However, section 22—10 of the Code requires that the tax purchaser notify the "owners, occupants and parties interested" in the property. 35 ILCS 200/22—10 (West 2006). Therefore, "based on the plain language of the Code, an occupant is entitled to notice, but does not have the right to redeem unless, of course, the occupant is also an owner or person interested in the property." *In re Application of the Cook County Treasurer*, 185 Ill. 2d at 435. For instance, in *Gacki v. LaSalle National Bank*, 282 Ill. App. 3d 961, 964-65 (1996), this court held that a tax deed petitioner was required to give notice to a neighbor who had mowed the grass and built a play structure in a location that could have been on the subject property. Although that party had no redeemable interest in the property, it did have a right to notice.

■ Similarly, a subsequent tax certificate purchaser does not have a redeemable interest in the property, but does, as noted above, have some rights with regard to the property and can take certain steps to protect those rights. As a result, a subsequent tax purchaser is a party "interested in the property" and is entitled to notice pursuant to section 22—10 of the Property Tax Code. 35 ILCS 200/22—10 (West 2006). Therefore, the trial court did not err in finding that Green's failure to serve notice on Sackor was a fatal defect in its petition for tax deed.

■ Scott also contends that any interest Sackor had was extinguished when Green redeemed her tax certificate in October 2006. However, pursuant to section 22—10 of the Property Tax Code, Green was required to give notice to all parties in interest not less than three months nor more than five months prior to the expiration of the redemption period. 35 ILCS 200/22—10 (West 2006). Since the redemption period in this case expired on November 21, 2006, Green needed to give notice to all parties interested in the property between June 21, 2006, and August 21, 2006. Therefore, the fact that Green redeemed Sackor's tax certificate in October is irrelevant to the question of whether proper notice was provided pursuant to section 22—10 of the Property Tax Code.

■ Next, Scott asserts that Sackor had no standing to object to its tax deed proceedings because any interest Sackor had in the property was released or satisfied by the redemption and her surrender of her tax certificates to the county clerk and her acceptance of the redemption monies from the county clerk. However, a subsequent tax purchaser has a right to protect his or her interest in a tax deed by ensuring that a prior tax purchaser complies with all of the requirements of the Property Tax Code. Therefore, a subsequent tax purchaser has standing to object in a tax deed proceeding commenced by the purchaser of a prior year's taxes.

•7 Lastly, Scott asserts that the fact that the same attorney, Harris, represented Sackor, Green and Scott is irrelevant to the issue of whether Sackor was entitled to notice. We agree. As noted above, although Harris's representation of two different parties in tax deed proceedings on the same property may involve violations of the Illinois Rules of Professional Conduct, that is within the exclusive jurisdiction of the Illinois Supreme Court and the Attorney Registration and Disciplinary Commission, and not relevant to the issues raised in this proceeding.

For the foregoing reasons, we affirm the order of the circuit court.

Affirmed.

MURPHY, P.J., and COLEMAN, J., concur.