No. 2-09-1132     Filed:  8-31-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re APPLICATION OF THE COUNTY | ) | Appeal from the Circuit Court |
| TREASURER AND ex officio COUNTY | ) | of Lake County. |
| COLLECTOR OF LAKE COUNTY, | ) | |
| ILLINOIS, for Judgment and Order of Sale | ) | |
| Against Real Estate Returned Delinquent for | ) | No. 08--TD--88 |
| Nonpayment of General Taxes and Special | ) | |
| Assessments for the Year 2004 and Prior Years | ) | |
| | ) | |
| (Glen Investments, Petitioner-Appellee, | ) | Honorable |
| v. Julian Muskat and the Estate of Sylvia | ) | Valerie Boettle-Ceckowski, |
| Muskat, Respondents-Appellants). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Respondents, Julian Muskat and the estate of Sylvia Muskat (objectors), appeal from an order of the trial court directing the issuance of a tax deed and granting possession of the subject property to petitioner, Glen Investments, a subsequent tax purchaser.  Objectors also appeal from the trial court's denial of their motion to reconsider.  For the reasons set forth below, we reverse and remand.

On appeal, objectors essentially argue that the trial court erred in granting the relief sought by petitioner because it failed to provide notice to a person with an interest in the subject property pursuant to sections 22--10, 22--15, 22--30, and 22--40 of the Property Tax Code (Code) (35 ILCS 200/22--10, 22--15, 22--30, 22--40 (West 2008)).  In particular, objectors argue that petitioner "failed to serve a Take Notice upon an heir (Nikki Henkin) of the decedent who holds title even though her New York address was readily available in the probate file.  [Petitioner] further failed to serve an

attorney who had appeared in the probate case on Henkin's behalf prior to the filing of the petition for a tax deed. Finally, [petitioner] failed to serve a Take Notice on the attorney for the Muskat estate. These failings show the complete lack of a diligent effort to obtain personal or certified mail service upon all parties with an interest in the subject real estate. The trial court[,] therefore[,] erred in failing to deny relief sought by the petition for tax deed."

I. FACTS

The following facts taken from the record on appeal are undisputed. Sylvia Muskat (Sylvia) died on March 8, 1999. A probate case in the name of Sylvia's estate was opened in 2000 (case number 00--P--1094, hereinafter the probate case). At the time of her death, Sylvia was the record owner of 916 W. Washington Street, Waukegan, Illinois (the subject property).

The probate case file contained Sylvia's will, which devised all of her property equally between her two children, Nikki Henkin and Julian Muskat. The file also contained an affidavit of heirship showing Nikki and Julian as Sylvia's sole surviving heirs and appointing Julian as executor of Sylvia's estate. The affidavit of heirship showed Nikki's address as "150 East 77th Street, New York, NY 10021." The file also contained a notice of motion filed March 1, 2004, and an order dated September 20, 2006, both providing Nikki's New York address.

By 2004 the property taxes for the subject property had not been paid. After statutory notice by the Lake County collector, a judgment and order of sale was entered. On December 5, 2005, at a tax sale held by the county collector, the assignor to petitioner purchased the subject property. Shortly thereafter, petitioner became the holder of a tax certificate for the subject property.

About January 4, 2006, the Lake County clerk sent a take notice form to Sylvia, the assessee of record, via certified mail. On April 17, 2008, the law firm of Levun, Goodman & Cohen, LLP,

filed on behalf of Nikki an appearance in the probate case. The appearance contains the law firm's complete address in Northbrook, Illinois.

On May 27, 2008, petitioner filed a petition for a tax deed, and it filed take notices pursuant to sections 22--10 through 22--25 of the Code (35 ILCS 200/22--10 through 22--25 (West 2008)), to be served by the clerk of the circuit court of Lake County and the Lake County sheriff. The subject property is a two-story building. The first floor was unoccupied and Julian lived on the second floor. Petitioner directed that the take notices be served on the following: (1) the estate of Sylvia Muskat, at the subject property; (2) Julian Muskat, at the subject property; (3) Nikki Henkin, also known as Nikki Muskat, at the subject property; (4) "Occupant of First Floor," at the subject property; and (5) "Occupant of Second Floor" at the subject property. The clerk of the circuit court of Lake County sent take notices by certified mail to all five parties, at the subject property only.

The record shows that Julian accepted the certified mail on his own behalf and on behalf of the estate but failed to pick up the mail addressed to the first floor occupant. The mail sent to Nikki, addressed to Nikki Henkin, also known as Nikki Muskat, went unclaimed but a second notice addressed to Nikki Henkin was signed for by Julian.

On October 21, 2008, the period of redemption expired and petitioner filed an application for a tax deed for the subject property. Paragraph 5 of petitioner's application stated in relevant part:

"The record owner of the Property is Sylvia Muskat. In Lake County Probate case 00 P 1094, Sylvia Muskat left her property in equal shares to her children, Nikki Henkin and Julian Muskat. In this case, [petitioner] named Estate of Sylvia Muskat, Nikki Henkin a.k.a. Nikki Muscat and Julian Muskat as interested parties."

Paragraph 6 of petitioner's application stated in relevant part:

"Diligent inquiry was made as to the identity, address and location of each person with an interest in the Property, and thus entitled to notice of the filing of said Petition and of the facts therein contained. Such inquiry encompassed one or more of the following *** probate records."

On November 13, 2008, objectors filed an objection to petitioner's tax deed application. Objectors argued that petitioner failed to comply with sections 22--10 through 22--25 of the Code, as mandated by sections 22--40 and 22--30 of the Code and by article IX, section 8, of the Illinois Constitution. Specifically, objectors alleged that petitioner failed to serve a take notice on Nikki Henkin, as an heir of the decedent who held title, even though Nikki's address was readily available in the file of the probate case. Objectors also alleged that petitioner failed to serve a take notice on Nikki's attorney and failed to make a diligent effort to obtain personal or certified mail service on all parties with an interest in the subject property. Further, objectors alleged that petitioner filed a false application for tax deed, "which stated that a diligent inquiry was made as to the identity, address and location of each person with an interest in the Property when it was not."

Objectors attached to their objection several documents that were contained in the file of the probate case, including four documents stating Nikki Henkin's address as "150 East 77th Street, New York, NY 10021" (the affidavit of heirship filed June 26, 2001, the notice of motion filed March 1, 2004, the order dated September 20, 2006, and a notice of motion on which the file stamp cannot be discerned or is not present). Objectors also attached to their objection the appearance filed by Levun, Goodman & Cohen, LLP.

On December 12, 2008, petitioner filed its "Response to Objections to Petition For Tax Deed." Petitioner argued that, although Nikki was named as an interested party and an attempt was

made to serve her, the Code did not require that she be named or served, because: (1) Nikki, as a legatee of Sylvia's estate, did not have an interest in the subject property; and (2) Sylvia's estate was the only real party in interest upon which service was required.

On May 19, 2009, the trial court issued an order denying the objectors' objections. The trial court found, inter alia, that in its application petitioner proved its right to a tax deed and that, "while Nikki Henkin was an heir of Sylvia Muskat, it is the estate that is the interested party in the tax deed matter. Ms. Henkin may or not be a beneficiary of the estate and service on the executor of the estate complied with the tax code requirements."

On June 2, 2009, the trial court entered an order directing the issuance of a tax deed and granting possession of the subject property to petitioner.

On June 12, 2009, objectors filed a motion to reconsider arguing that the trial court erred in its application of existing law and citing In re Application of County Collector, 391 Ill. App. 3d 656 (2009). Attached to the motion were an order from the probate case (filed June 23, 2001), declaring Julian and Nikki as Sylvia's only heirs, and Sylvia's will, granting all of Sylvia's property, including the subject property, to Julian and Nikki, in equal shares.

On June 29, 2009, petitioner filed its "Memorandum Response To Motion For Reconsideration," arguing that (1) offering new documents and an entirely new theory of recovery was beyond the scope of a motion for reconsideration; and (2) in any event, Nikki did not, as a matter of law, have an ownership interest and, thus, had no independent right to service of notice.

Objectors filed a "Reply To Motion For Reconsideration." On September 29, 2009, the trial court denied objectors' motion to reconsider. On October 27, 2009, objectors filed this timely appeal.[1]

## II. ANALYSIS

On appeal, objectors argue that the trial court erred by granting petitioner a tax deed for and possession of the subject property. Objectors argue that petitioner violated the code when it failed to serve notice on Nikki, even though her New York address was readily available in the probate file.

The first issue in this case is whether petitioner was required to give notice to Nikki pursuant to section 22--10 of the Code. Section 22--10 of the Code requires that a purchaser give notice of the sale of delinquent taxes and the expiration of the redemption period to "the owners, occupants, and parties interested in the property." (Emphasis added.) 35 ILCS 200/22--10 (West 2008).

---

[1]On October 2, 2009, objectors filed a motion for stay pending appeal. Petitioner filed a response asserting that any stay required objectors to post an appeal bond. Petitioner also advised the trial court that, on June 11, 2009, Sylvia's estate abandoned all interest in any right to recover the subject property in favor of Julian and had no further interest in any proceedings related to the tax deed recorded as a result of the order granting the deed.

On October 29, 2009, the trial court granted objectors' motion for a stay pending appeal, conditioned upon their posting an appeal bond. Objectors did not post a bond and filed a motion with this court to waive the bond. This court denied objectors' motion. Objectors failed to post a bond.

The resolution of this appeal requires this court to interpret certain provisions of the Code. Because the construction of a statute is a matter of law, our review is de novo. In re Application of the County Collector, 391 Ill. App. 3d at 659. In construing a statute, our principal objective is to ascertain and give effect to the intent of the legislature. Alvarez v. Pappas, 229 Ill. 2d 217, 228 (2008). Where the language is clear and unambiguous, the statute must be given its plain, ordinary, and popularly understood meaning without resort to further aids of statutory construction. Alvarez, 229 Ill. 2d at 228.

Notice provisions pursuant to the Code are to be rigidly enforced. In re Application of the County Collector, 356 Ill. App. 3d 668, 670 (2005). "The court shall insist on strict compliance with Section 22--10 through 22--25" of the Code. 35 ILCS 200/22--40 (West 2008). Whether the notice provided satisfied all the statutory requirements is a question of law, and a reviewing court will not defer to the trial court's determination on the issue. In re Application of the County Collector, 356 Ill. App. 3d at 670-71.

Objectors argue that Nikki was an interested party entitled to notice because she was Sylvia's "heir" and she was vested with title because the estate was in probate. Petitioner argues that Nikki was not an interested party entitled to notice, because she was merely a "legatee" of Sylvia's estate.

We first note that petitioner's use of the word "legatee" is inaccurate because "legatee" commonly refers to "[o]ne who is named in a will to take personal property." (Emphasis added.) Black's Law Dictionary 908 (7th ed. 1999). Objectors' use of the word "heir" is also imprecise because "[t]he word 'heir[]' in its primary meaning designates the person appointed by law to succeed to the estate in case of intestacy." Noll v. Garber, 336 Ill. App. 3d 925, 927 (2003). Because Nikki

was to take real property under a will, we will refer to her as a devisee, a "[a] recipient of property (usu. real property) by will."  Black's Law Dictionary 463 (7th ed. 1999).

We have found no precise authority as to whether a devisee of real property under a will in probate has an interest in the real property sufficient to mandate notice under section 22--10 of the Code.  However, it is clear that a devisee has certain other rights to the property.

For example, a devisee has a right to redeem.  See In re Application of the County Treasurer & ex officio County Collector, 396 Ill. App. 3d 541, 550, 551 (2009).  In In re Application of the County Treasurer, this court held that an heir and trustee of the estate of his deceased mother had an interest in the property sufficient to redeem it.  We further explained that the heir's and/or trustee's interest could be either legal or equitable to be sufficient to redeem the property.  In re Application of the County Treasurer, 396 Ill. App. 3d at 551-52.[2]  In this case, Nikki, as a devisee, will inherit the subject property just as the heir in In re Application of the County Treasurer.  Thus Nikki, as a devisee, has a right to redeem the subject property.

Further, a devisee has rights of ownership.  See 755 ILCS 5/4--13 (West 2008); In re Estate of Stokes, 225 Ill. App. 3d 834, 839 (1992).  Section 4--13 of the Probate Act of 1975 (Probate Act) provides: "Every will when admitted to probate as provided by this Act is effective to transfer the real and personal estate of the testator bequeathed in that will."  755 ILCS 5/4--13 (West 2008).

---

[2]We recognize that the right to redeem pursuant to section 21--345 of the Code is different from the right to notice of a tax deed proceeding pursuant to section 22--10 of the Code. However, the right to notice of a tax deed proceeding is broader than the right to redeem.  See In re Application of the County Collector, 391 Ill. App. 3d at 661 (not all parties entitled to notice of a petition for tax deed have a right to redeem).

Further, "[o]nce admitted to probate, the will is considered valid for vesting title to the realty in the devisees." Stokes, 225 Ill. App. 3d at 839. Our supreme court has explained, "[t]his rule is based upon a presumption that a devisee will accept a testamentary gift, especially where it is beneficial in character." Tompkins State Bank v. Niles, 127 Ill. 2d 209, 219 (1989).

In addition, a party who has certain rights under the Code is an interested party entitled to notice, even where those rights do not include the right to redeem. In re Application of the County Collector, 391 Ill. App. 3d at 662. In In re Application of the County Collector, the court held that because a subsequent tax-certificate purchaser had certain rights under the Code, he was an interested party entitled to notice pursuant to section 22--10.

As petitioner's tax deed application noted, Sylvia's will was admitted to probate in 2000 and she devised the subject property "in equal shares to her children, Nikki Henkin and Julian Muskat." Because Nikki had a right to redeem, and was vested with title to half of the subject property, she was one of the "parties interested" in the property and she had a right to notice pursuant to section 22--10 of the Code. Therefore, the trial court erred in finding that petitioner was not required to serve notice on Nikki pursuant to section 22--10 of the Code.

Petitioner argues that In re Application of the County Collector, 391 Ill. App. 3d at 661, is distinguishable from this case because there the trial court held that a subsequent tax purchaser had an interest sufficient to mandate notice pursuant to section 22--10, whereas, in this case, Nikki was not a subsequent tax purchaser and notice was "outside the scope of the Property Tax Code." We disagree with petitioner. We believe that In re Application of the County Collector is relevant and applicable to this case and that petitioner's distinction is immaterial. In In re Application of the County Collector the court held that the subsequent tax purchaser had a right to notice because he

had certain rights under the Code, although not the right to redeem. In re Application of the County Collector, 391 Ill. App. 3d at 661. In this case, Nikki had greater rights under the Code than the party in In re Application of the County Collector; as a devisee, Nikki had the right to redeem. See In re Application of the County Treasurer, 396 Ill. App. 3d at 551-52. Thus, the fact that Nikki was not a subsequent tax purchaser is irrelevant.

Petitioner also argues that objectors did not assert in their objection that Nikki had an ownership interest in the subject property when the will was admitted to probate. Petitioner also argues that objectors did not cite section 14--13 of the Probate Act or include documents to support that proposition until they filed their motion for reconsideration. Thus, according to petitioner, objectors forfeited this issue. Petitioner does not specify the documents to which it objects, but we note that objectors attached an order from the probate case, which declared Julian and Nikki as Sylvia's only "heirs," and Sylvia's will, which stated that she granted all of her property, including the subject property, equally to Nikki and Julian.

It is irrelevant whether objectors cited section 4--13 of the Probate Act in their objection. Objectors sufficiently alleged that Nikki was entitled to notice under the Code and that petitioner failed to provide it. Objectors stated that, in its application for tax deed, petitioner asserted that Sylvia's estate was in probate and that she "left her property in equal shares to her children, Nikki Henkin and Julian Muskat." Objectors then alleged that petitioner failed to properly serve Nikki pursuant to sections 22--10, 22--15, and 22--40 of the Code. The objection cited, inter alia, section 22--10, which requires service to "owners, occupants, and parties interested in the property." (Emphases added.) 35 ILCS 200/22--10 (West 2008). Further, the documents objectors attached to their motion for reconsideration contained information that was contained in petitioner's

application for tax deed. Thus, the issue was fully before the trial court before objectors filed their motion to reconsider.

Petitioner argues that section 4--13 of the Probate Act does not establish that Nikki has an interest in the subject property, because objectors did not assert that Nikki accepted title to the subject property "when the estate was opened or at any time thereafter." Petitioner cites Tompkins State Bank for the proposition that "[t]he transfer of property by devise requires not only an affirmative act by the testator, but also the assent of the devisee." Tompkins State Bank, 127 Ill. 2d at 219. However, petitioner takes this statement out of context. After the quoted statement, the court explained:

> "If a devisee refuses to accept the property devised to him, there is not a completed gift, but only an attempt. [Citation.] Although acceptance may be presumed in the absence of an expressed intent to the contrary, a devisee is under no duty to accept a gift, and title thereto may not be vested in the devisee against his will." (Emphasis added.) Tompkins State Bank, 127 Ill. 2d at 219.

Thus, objectors were not required to assert that Nikki accepted title to the subject property, because acceptance is presumed and there is nothing in the record to establish that she expressed an intent to refuse acceptance. Thus, petitioner's argument that section 4--13 of the Probate Act does not establish that Nikki had an interest in the subject property fails.

Petitioner argues that Nikki was not entitled to notice because the estate abandoned any interest in the subject property and the only party interested in the property was the estate. Petitioner ignores that "[a]dministrators of estates take no title or interest in the real estate of a decedent"; rather, title vests in the devisees when the will is admitted to probate, subject only to the executor's

right to sell the real estate to satisfy the debts of the estate. Stokes, 225 Ill. App. 3d at 840. Thus, the executor had limited powers and could not extinguish Nikki's ownership interest in the subject property by abandoning the estate's interest in the property.

Petitioner also argues that objectors make two conflicting arguments: (1) Nikki was not a legal titleholder of the subject property but retained certain rights relative to it; and (2) the minute Sylvia's will was admitted to probate, title to the subject property transferred to Nikki and she was a joint owner in the subject property. However, petitioner cites no authority for the impermissibility of arguing in the alternative. Further, petitioner does not contend that the elements of judicial estoppel are present. See, e.g., Grobe v. Hollywood Casino-Aurora, Inc., 325 Ill. App. 3d 710, 720 (2001). Thus, petitioner's argument has no merit.

Next, objectors argue that petitioner violated the code when it failed to serve Nikki at her New York address or through her attorney of record in the probate case, even though both addresses were in the probate record and thus were easily ascertainable prior to the filing of the tax deed petition.

Section 22--15 of the Code provides that notice shall be served on "owners and_parties interested in the property" found in the county, or:

> "If any owner or party interested, upon diligent inquiry and effort cannot be found or served with notice in the county, then the person making the service shall cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to that party at his or her residence, if ascertainable." (Emphases added.) 35 ILCS 200/22--15 (West 2008).

It is uncontroverted that petitioner twice attempted to serve Nikki at the subject property. The certified mail addressed to Nikki Henkin, also known as Nikki Muskat, went unclaimed and a second notice sent to Nikki Henkin was signed for by Julian. Nikki's residence, as shown in the probate case

file, was in New York. We note that, in its application for a tax deed, petitioner represented to the trial court that it searched the probate case file for all interested parties, including Nikki, and that "[d]iligent inquiry was made as to the *** address and location of each person of an interest in the Property ***. *** Such inquiry encompassed one or more of the following *** probate records." However, it is uncontroverted that the probate records, available prior to the filing of petitioner's tax deed petition, contained Nikki's New York address in at least three separate documents. Thus, Nikki could not be "found or served with notice in the county" and petitioner failed to serve notice to Nikki at her residence in New York, even though the address was "ascertainable." Therefore, petitioner failed to comply with section 22--15 of the Code.

Petitioner states that there is no allegation in the objection that the estate or Nikki had the funds necessary to redeem the subject property or that Nikki would have contributed funds necessary to redeem. However, petitioner cites no authority, and we cannot find any, to support the proposition that a party with an interest in a property must establish that it is ready, willing, and able to redeem the property, before it is entitled to notice of a tax deed proceeding. Thus, this argument fails.

In conclusion, Nikki was an interested party entitled to notice pursuant to section 22--10 of the Code. Petitioner failed to provide her with notice pursuant to section 22--15 of the Code. Thus, the trial court erred in finding that Nikki was not an interested party entitled to notice and that petitioner proved its right to a tax deed. Accordingly, the trial court erred by granting petitioner's application for a tax deed and granting petitioner possession of the subject property.

For these reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

ZENOFF, P.J., and HUDSON, J., concur.