# Illinois Official Reports

## Appellate Court

---

*In re Commitment of Clark*, 2014 IL App (1st) 133040

---

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF JOSEPH CLARK (The People of the State of Illinois, Petitioner-Appellee, v. Joseph Clark, Respondent-Appellant). |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-3040 |
| Filed | June 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings under the Sexually Violent Persons Commitment Act, where respondent was close to being released from the Department of Corrections and the State sought his commitment based on an evaluation suggesting that it was substantially probable that he would engage in acts of sexual violence without clinical intervention, the appellate court, in response to a question certified by the trial court pursuant to Supreme Court Rule 308 after the State moved to quash respondent's subpoena *duces tecum* asking for all notes, testing data, and interview booklets used in his evaluation, stated that respondent does have a statutory right to issue a subpoena *duces tecum* prior to a probable cause hearing under the Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-80004; the Hon. Paul P. Biebel, Jr., Judge, presiding. |
| Judgment | Certified question answered; remanded. |

Counsel on
Appeal

Daniel T. Coyne, Matthew M. Daniels, and Michael R. Johnson, all of Law Offices of Chicago-Kent College of Law, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Stephen M. Soltanzadeh, Assistant Attorneys General, of counsel), for the People.

Panel

PRESIDING JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Epstein concurred in the judgment and opinion.

## OPINION

¶ 1        In this interlocutory appeal we consider the question of whether an individual who is subject to the provisions of the Sexually Violent Persons Commitment Act (the SVP Act) (725 ILCS 207/1 *et seq*. (West 2008)) has a right to issue a subpoena before a probable cause hearing under the SVP Act. The trial court certified the following question pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010): "Does the respondent under the Sexually Violent Persons Commitment Act, 725 ILCS 207 *et seq*., have a statutory or constitutional right to issue a subpoena *duces tecum* prior to a probable cause hearing held pursuant to Section 30 of the Act?"

¶ 2        We granted leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). For the reasons that follow, we answer the certified question in the affirmative because we find that under the SVP Act a respondent has a statutory right to issue a subpoena *duces tecum* prior to a probable cause hearing.

¶ 3                                BACKGROUND

¶ 4        On May 9, 2013, the State filed a petition seeking respondent's commitment pursuant to the SVP Act. Respondent had been serving a penitentiary sentence for crimes he committed in the mid-1990s, and he was eligible for release from the Illinois Department of Corrections (IDOC) on May 16, 2013. Attached to the State's petition was an evaluation of respondent prepared by Dr. Deborah Nicolai. Dr. Nicolai recommended that respondent be committed as a sexually violent person (SVP) under the SVP Act based upon her determination that it was substantially probable that respondent would engage in future acts of sexual violence unless he received clinical intervention. Her recommendation was based upon her finding that respondent suffered paraphilia not otherwise specified (NOS), sexually attracted to nonconsenting females, and personality disorder NOS, antisocial features.

¶ 5	A probable cause hearing was scheduled for May 10, 2013. At the hearing, respondent waived his right to have a hearing within 72 hours as provided by the SVP Act, and the hearing was thereafter continued on two occasions until August 23, 2013. On July 11, 2013, respondent served a subpoena *duces tecum* upon Dr. Nicolai and her employer requesting all notes, testing data, and interview booklets that were used by Dr. Nicolai when evaluating respondent. The requested material was to be returned to respondent by July 24, 2013 in advance of the probable cause hearing.

¶ 6	On July 17, 2013, the State filed a motion to quash respondent's subpoena, arguing that respondent had no statutory or constitutional rights to issue a subpoena *duces tecum* prior to the probable cause hearing. On August 16, 2013, the trial court granted the State's motion to quash because the court was not persuaded that respondent had either statutory or constitutional rights to issue a subpoena *duces tecum* prior to the probable cause hearing.

¶ 7	On motion of respondent, the trial court certified the above question pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). We allowed the appeal.

¶ 8	ANALYSIS

¶ 9	When reviewing certified questions of law pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), the appellate court applies the *de novo* standard of review. *In re Commitment of Weekly*, 2011 IL App (1st) 102276, ¶ 36. Here, we are asked to answer the following certified question: "Does the respondent under the Sexually Violent Persons Commitment Act, 725 ILCS 207 *et seq*., have a statutory or constitutional right to issue a subpoena *duces tecum* prior to a probable cause hearing held pursuant to Section 30 of the Act?"

¶ 10	Under the SVP Act, a sexually violent person may be committed to the custody of the Department of Human Services for control, care, and treatment until such time as the person is no longer a sexually violent person. 725 ILCS 207/40(a) (West 2008). A sexually violent person is "a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." 725 ILCS 207/5(f) (West 2008).

¶ 11	Section 30 of the SVP Act provides that a probable cause hearing must be held within 72 hours after a petition is filed for those respondents in custody, and within "reasonable time after the filing of the petition" for those respondents released from custody:

> "(b) Whenever a petition is filed under Section 15 of this Act, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed, excluding Saturdays, Sundays and legal holidays. The court may grant a continuance of the probable cause hearing for no more than 7 additional days upon the motion of the respondent, for good cause. If the person named in the petition has been released, is on parole, is on mandatory supervised release, or otherwise is not in custody, the court shall hold the probable cause hearing within a reasonable time after the filing of the petition. At the probable cause hearing, the court shall admit and consider all relevant hearsay evidence." 725 ILCS 207/30(b) (West 2008).

¶ 12 Section 20 of the SVP Act provides that SVP proceedings are civil in nature and are controlled by provisions of the civil practice law unless the SVP Act provides otherwise: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Law, and all existing and future amendments of that Law shall apply to all proceedings hereunder except as otherwise provided in this Act." 725 ILCS 207/20 (West 2008).

¶ 13 The Civil Practice Law allows subpoenas to be issued in pending cases (735 ILCS 5/2-1101 (West 2008)) and discovery to be conducted as soon as all the defendants have appeared in the matter (Ill. S. Ct. R. 201(d) (eff. Jan. 1, 2013)).

¶ 14 Section 25 of the SVP Act guarantees respondents the right to an attorney, right to present witnesses, and right to cross-examine witnesses at all hearings under the SVP Act. See 725 ILCS 207/25(c) (West 2008).

¶ 15 Respondent argues that he has an express statutory right to issue a subpoena prior to his probable cause hearing. SVP proceedings are civil in nature and follow the provisions of civil practice law. 725 ILCS 207/20 (West 2008). Respondent argues that because the Civil Practice Law allows subpoenas to be issued in pending cases (735 ILCS 5/2-1101 (West 2008)) and discovery to be conducted as soon as all defendants have appeared in the case (Ill. S. Ct. R. 201(d) (eff. Jan. 1, 2013)), he is entitled to all the rights provided by the civil practice law, including the right to issue a subpoena in his pending case prior to the probable cause hearing. He further argues that there is no express contrary provision within the SVP Act.

¶ 16 The State argues that the legislature did not contemplate a respondent's right to issue subpoenas *duces tecum* prior to the probable cause hearing since the probable cause hearing is to be held within 3 days, but no more than 10 days, of the petition being filed. Such a short time frame, the State argues, would not allow for the return of subpoenaed material. Therefore, the State argues that the legislature did not intend for respondent to have the right to issue a subpoena prior to the probable cause hearing.

¶ 17 At oral argument, the State conceded that a respondent has the right to call witnesses at the probable cause hearing pursuant to section 25 of the SVP Act, and that this may require the issuance of a subpoena in order to have an unwilling witness appear at the hearing. Nevertheless, the State argued that while the respondent may have a right to issue a subpoena before the probable cause hearing, he has no corresponding right to receive the subpoenaed materials due to the timing provisions in the SVP Act, which require a probable cause hearing to take place within 72 hours. According to the State, a subpoenaed party would not be able to comply with the subpoena and produce the requested documents within three days and before the probable cause hearing is held. Therefore, the State argued that the legislature did not contemplate that respondents would have a right to issue a subpoena and receive the requested documents prior to the probable cause hearing. We do not find this argument persuasive.

¶ 18 The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Dabbs*, 239 Ill. 2d 277, 287 (2010). The most reliable indicator of that intent is the plain and ordinary meaning of the language of the statute itself. *Id.* "A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent." *In re Commitment of Trulock*, 2012 IL App (3d) 110550, ¶ 37.

¶ 19 Proceedings under the SVP Act are governed by the civil practice law unless a contrary provision is found in the SVP Act. 725 ILCS 207/20 (West 2008). Civil practice law provides parties with the right to issue subpoenas in pending cases. 735 ILCS 5/2-1101 (West 2008).

- 4 -

Therefore, to answer the question before us, we must look to the SVP Act to determine if there are any provisions restricting the right of respondents to issue subpoenas prior to the probable cause hearing. We have examined the statute and find no provisions restricting the right of respondents to issue a subpoena pursuant to civil practice law, and the State has not cited any authority to suggest otherwise. Here, the plain language of the SVP Act gives a respondent the right to issue a subpoena in the pending case pursuant to civil practice law.

¶ 20 We find the case of *In re Detention of Hardin*, 238 Ill. 2d 33, 41 (2010), instructive**.** There, the issue was whether the State had a right to appeal a finding of no probable cause under the SVP Act. *Hardin*, 238 Ill. 2d at 39. The parties acknowledged that there was no provision for an appeal by the State expressly provided for in the SVP Act. *Id*. However, our supreme court found that where the SVP Act does not provide otherwise, we must look to the civil practice law. *Id*. at 41 ("Thus, the Act is not silent about the applicable appellate rules ***, but rather directs us to consider the applicable civil provisions."). Pursuant to civil practice law, the supreme court determined that the State did have a right to appeal a finding of no probable cause. *Id*. at 43 ("[W]e hold that the appellate court has jurisdiction to decide the merits of State appeals from findings of no probable cause in SVP proceedings.").

¶ 21 Similar to *Hardin*, here there is no provision in the SVP Act concerning the issuance of subpoenas. Since the statute itself provides that civil practice law governs unless there is a contrary provision contained in the SVP Act, we find that the civil practice law governs and respondent has a right to issue his subpoena. *Trulock*, 2012 IL App (3d) 110550, ¶ 37 ("A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent."). Therefore, we conclude that respondents subject to proceedings under the SVP Act have a right to issue subpoenas prior to the probable cause hearing.

¶ 22 In regard to the State's argument that production of documents responsive to a subpoena *duces tecum* would prove difficult given the time frame in which a probable cause hearing must be held under the SVP Act, we note that pursuant to the SVP Act and the Civil Practice Law, the subpoenaed party may raise an objection to the subpoena *duces tecum* before the trial court. At that time, the trial court, based on the facts of the case before it and civil practice law, may decide whether it will enforce the subpoena or proceed with the probable cause hearing without the subpoenaed material. 735 ILCS 5/2-1101 (West 2008) ("For good cause shown, the court on motion may quash or modify any subpoena or, in the case of a subpoena duces tecum, condition the denial of the motion upon payment in advance by the person in whose behalf the subpoena is issued of the reasonable expense of producing any item therein specified."); *People v. Mitchell*, 297 Ill. App. 3d 206, 209 (1998) ("A court should grant a motion to quash a subpoena if a request is oppressive, unreasonable, or overbroad.").

¶ 23 In this case, the subpoenaed party raised no objection to the subpoena before the trial court. The sole basis for the trial court's order quashing the subpoena *duces tecum* was based upon the State's assertion and the court's finding that a respondent has no statutory or constitutional right to issue a subpoena before the probable cause hearing. We have found a respondent does have a statutory right under the SVP Act to issue a subpoena before the probable cause hearing. Accordingly, the issue of whether a particular subpoena request should be quashed is governed by the civil practice law and those issues can be resolved by the trial court based on the facts of each case.

¶ 24    Given our finding that respondents have a statutory right to issue a subpoena *duces tecum* prior to a probable cause hearing, we need not address the parties' arguments regarding a constitutional right to issue a subpoena prior to the probable cause hearing.

¶ 25                                 CONCLUSION

¶ 26    For the above reasons, we answer the certified question in the affirmative and find that a respondent has a statutory right to issue a subpoena *duces tecum* prior to a probable cause hearing under the SVP Act, and we remand this matter for further proceedings consistent with this opinion.

¶ 27    Certified question answered; remanded.