# Illinois Official Reports

## Appellate Court

*People v. Coyne*, 2014 IL App (1st) 123105

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL T. COYNE, Defendant-Appellant. |
| District & No. | First District, Sixth Division <br> Docket No. 1-12-3105 |
| Filed | September 5, 2014 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings seeking the involuntary commitment of respondent under the Sexually Violent Persons Commitment Act, the trial court erred in ordering respondent's counsel to turn over to the State the reports of the forensic psychologist appointed to conduct an examination of respondent and another respondent in an unrelated case, since the psychologist was appointed as a consultant under Supreme Court Rule 201(b)(3), the psychologist would not be a witness at either respondent's hearing, and both respondents had the right, in proceedings under the Act, to the appointment of such a consulting expert or professional person whose identity, opinions, and work product would not be discoverable absent exceptional circumstances; therefore, the orders compelling counsel to turn over the reports, finding him in direct civil contempt, and imposing a fine of $100 were vacated, and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. ACC-120187; the Hon. Michael B. McHale, Judge, presiding. |
| Judgment | Vacated and remanded. |

Counsel on          Matthew M. Daniels, Michael R. Johnson, and Elizabeth Raki, law
Appeal              student, all of Law Offices of Chicago Kent College of Law, of
                    Chicago, for appellant.

                    Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro,
                    Solicitor General, and Michael M. Glick and Joshua Schneider,
                    Assistant Attorneys General, of counsel), for the People.

Panel               JUSTICE HALL delivered the judgment of the court, with opinion.
                    Justices Rochford and Lampkin concurred in the judgment and
                    opinion.

## OPINION

¶ 1     This is an interlocutory appeal pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Feb. 26, 2010). The defendant, attorney Daniel T. Coyne (attorney Coyne), was held in direct civil contempt for refusing to comply with the discovery orders of the circuit court of Cook County, which required him to turn over to the State his nontestifying expert witness's reports. On appeal, attorney Coyne contends that: (1) the civil discovery rules do not require disclosure of a nontestifying expert's report; (2) the attorney-client privilege bars the disclosure of the expert's report; (3) the work-product privilege bars the disclosure of the expert's report; (4) requiring disclosure of the expert's report violates the due process clause of the United States Constitution; (5) requiring disclosure of the expert's report violates the equal protection clause of the United States Constitution; and (6) even if this court affirms the circuit court's decision, the finding of contempt and the $100 fine imposed on attorney Coyne should be vacated.

¶ 2     In separate cases, attorney Coyne was appointed to represent respondent Percy Dixon and respondent Derrick Moody. The State was seeking to have the respondents involuntarily committed under the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/15 (West 2010)). In each case, attorney Coyne filed a motion to have Dr. Lesley Kane, a forensic psychologist, appointed to conduct an examination of the respondent. The circuit court granted the motion in each case.

¶ 3     Following the completion of Dr. Kane's examination of respondent Dixon, she prepared a report. Attorney Coyne filed a motion seeking to have Dr. Kane designated as a consultant under Illinois Supreme Court Rule 201(b)(3) (eff. July 1, 2002) since she would not be a witness at respondent Dixon's hearing. The State responded that the Act did not provide for the appointment of consultants. Following a hearing, the circuit court denied the motion and ordered attorney Coyne to turn over Dr. Kane's report on respondent Dixon to the State. The court also denied attorney Coyne's motion to have Dr. Kane designated as a consulting expert in respondent Moody's case and ordered attorney Coyne to turn over Dr. Kane's report on respondent Moody to the State.

¶ 4        Attorney Coyne refused to comply with the court's orders. The court found him in direct civil contempt of court and imposed a fine of $100. This appeal followed. During the pendency of this appeal, we granted attorney Coyne leave to cite *In re Commitment of Clark*, 2014 IL App (1st) 133040, as additional authority.

¶ 5                                ANALYSIS

¶ 6        The dispositive issue in this case is whether section 25(e) of the Act provides for the appointment of experts or professional persons as consultants as provided for in Rule 201(b)(3). We hold that it does. We vacate the circuit court's orders as to discovery and findings of contempt and remand for further proceedings.

¶ 7                            I. Standard of Review

¶ 8        The correctness of a discovery order may be tested through contempt proceedings. *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 10. Normally, the standard of review of contempt orders in such cases is an abuse of discretion. *Payne*, 2013 IL App (1st) 113519, ¶ 10. Our resolution of this issue requires that we construe pertinent portions of the Act. Since the construction of a statute presents a question of law, our review is *de novo*. *In re Application of the County Treasurer & ex officio County Collector*, 403 Ill. App. 3d 985, 990 (2010); see also *In re Marriage of Newton*, 2011 IL App (1st) 090683, ¶ 10 (when the facts of a contempt order are not in dispute and the court is presented with a question of law, the *de novo* standard of review applies).

¶ 9                                II. The Act

¶ 10       Under the Act, the State may file a petition alleging that an individual is a sexually violent person (725 ILCS 207/15 (West 2010)) and seek commitment of the individual to the custody of the Department of Human Services for control, care, and treatment until such time as he or she is no longer a sexually violent person (725 ILCS 207/40(a) (West 2010)). A sexually violent person is "a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." 725 ILCS 207/5(f) (West 2010).

¶ 11       Proceedings under the Act are civil in nature. "The provisions of the Civil Practice Law and all existing and future amendments of that Law shall apply to all proceedings hereunder except as otherwise provided in this Act." 725 ILCS 207/20 (West 2010). Section 25 of the Act sets forth the rights of the person subject to the petition, including the following:

> "Whenever the person who is the subject of the petition is required to submit to an examination under this Act, he or she may retain experts or professional persons to perform an examination. The State has the right to have the person evaluated by an expert chosen by the State. All examiners retained by or appointed for any party shall have reasonable access to the person for the purpose of the examination, as well as to the person's past and present treatment records and patient health care records. If the person is indigent, the court shall upon the person's request, appoint a qualified and available expert or professional person to perform an examination. Upon the order of

the circuit court, the county shall pay, as part of the costs of the action, the costs of a court-appointed expert or professional person to perform an examination and participate in the trial on behalf of the indigent person." 725 ILCS 207/25(e) (West 2010).

¶ 12                                    III. Discussion

¶ 13    Our main objective in construing a statute is to ascertain and give effect to the legislative intent. *In re Application of the County Treasurer*, 403 Ill. App. 3d at 990. "Where the language is clear and unambiguous, the statute must be given its plain, ordinary, and popularly understood meaning without resort to further aids of statutory construction." *In re Application of the County Treasurer*, 403 Ill. App. 3d at 990.

¶ 14    The proceedings under the Act are governed by the Civil Practice Law, unless a contrary provision is found in the Act. 725 ILCS 207/20 (West 2010). The Civil Practice Law (735 ILCS 5/2-101 *et seq.* (West 2010)) is part of the Code of Civil Procedure (the Code) (735 ILCS 5/1-101 *et seq.* (West 2010)). The Code incorporates the Illinois Supreme Court Rules. See 735 ILCS 5/1-105 (West 2010) (our supreme court may provide by rule for the administration and enforcement of the Code); see also *In re Marriage of Ricard*, 2012 IL App (1st) 111757, ¶¶ 34-35 (the doctrine of *forum non conveniens* set forth in Illinois Supreme Court Rule 187 (eff. Aug. 1, 1986) applied to a dissolution action where the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/105(a) (West 2008)) provided that it was governed by the Civil Practice Law).

¶ 15    In the present case, Rule 201(b)(3), which governs discovery procedures, provides as follows:

> "A consultant is a person who has been retained or specially employed in anticipation of litigation or preparation for trial but who is not to be called at trial. The identity, opinions, and work product of a consultant are discoverable only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject matter by other means." Ill. S. Ct. R. 201(b)(3) (eff. July 1, 2002).

¶ 16    We find nothing in the Act restricting a court-appointed expert or professional person from serving as a consultant under Rule 201(b)(3). Section 25(e) requires the county to pay for both the examination by and the participation of the appointed expert at a hearing. It does not state that the court-appointed expert or professional expert must then testify at the hearing, only that the expert will be compensated if he or she participates at the hearing. "A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent." *In re Commitment of Trulock*, 2012 IL App (3d) 110550, ¶ 37. While section 30(c) of the Act (725 ILCS 207/30(c) (West 2010)) provides for the admissibility of all evaluations under the Act, admissibility does not automatically mean that Dr. Kane's reports are discoverable. See *Wilson v. Norfolk & Western Ry. Co.*, 109 Ill. App. 3d 79, 85 (1982) (the trial court erred in denying a motion to compel a witness to answer questions; the information was admissible and there was no suggestion of privilege or other facts rendering the information exempt from discovery). Pursuant to Rule 201(b)(3), a consultant's identity, opinions and work product are not subject to discovery absent exceptional circumstances.

¶ 17    Contrary to the State's argument below, the Act does provide for the appointment of experts to serve as consultants. Section 20 of the Act directs the court to consider the civil law rules which include the applicable supreme court rules. See *In re Detention of Hardin*, 238 Ill. 2d 33, 41 (2010) (the Act was not silent about the appellate rules since the applicable civil rules provided for an appeal).

¶ 18    Our decision in this case is supported by *Clark*. In that case, an interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010)), this court considered whether a respondent, subject to the provisions of the Act, had the right to issue subpoenas before a probable cause hearing under the Act. *Clark*, 2014 IL App (1st) 133040, ¶ 1. The court held that since proceedings under the Act are governed by the Civil Practice Law, which provided for the issuance of subpoenas, and in the absence of any contrary provision in the Act, the respondent had a statutory right to issue a subpoena prior to the probable cause hearing. *Clark*, 2014 IL App (1st) 133040, ¶ 23.

¶ 19    Contrary to the position it took in the circuit court, on appeal, the State now agrees that an expert appointed pursuant to section 25(e) of the Act may be a consultant under Rule 201(b)(3). The State contends now that Dr. Kane's reports are discoverable to the extent that they do not contain privileged material. The State asserts that Dr. Kane's reports must be disclosed after the privileged material has been redacted and a privilege log prepared to justify the redactions.

¶ 20    An appellee may raise any argument in support of the trial court's judgment, even if the argument was not raised before the trial court, provided the argument has a sufficient factual basis in the record. *People v. Pinkonsly*, 207 Ill. 2d 555, 563 (2003). In the present case, the State's argument on appeal is not in support of the circuit court's judgment. The State's argument requires that the court's order, that Dr. Kane's reports in their entirety must be turned over to the State, be modified to allow any privileged provisions to be redacted. Assuming the State's argument was in support of the judgment, the State failed to establish in the circuit court any exceptional circumstances allowing it to seek discovery from a Rule 201(b)(3) consultant. Finally, the State's opposition to attorney Coyne's motion to have Dr. Kane designated a consultant under Rule 201(b)(3) led to the circuit court's turnover order and the direct civil contempt finding against attorney Coyne. See *Pinkonsly*, 207 Ill. 2d at 564 (although it had a basis in the record, the State forfeited its timeliness argument by raising it for the first time on appeal; the defendant could have amended his petition pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2002)) and any factual issues could have been resolved in the circuit court). The State's argument raised for the first time on appeal is forfeited.

¶ 21    We determine that respondents under the Act have a right to have experts or professional persons appointed in accordance with Rule 201(b)(3). The State forfeited its argument that Dr. Kane's reports are subject to discovery after any privileged material is redacted by raising it for the first time on appeal. While our review is *de novo*, to confirm the contempt finding and fine in this case for a reason not presented in the circuit court runs contrary to the purpose of our discovery rules. See *Illinois Emcasco Insurance Co. v. Nationwide Mutual Insurance Co.*, 393 Ill. App. 3d 782, 790 (2009) (in vacating a contempt finding for failing to comply with discovery, the reviewing court declined to address other arguments in favor of affirming the contempt finding that were raised by the appellee for the first time on appeal).

¶ 22        In proceedings under the Act, respondents have a right to the appointment of consulting experts or professional persons whose identity, opinions and work product are not discoverable absent exceptional circumstances. Ill. S. Ct. R. 201(b)(3) (eff. July 1, 2002). Therefore, the circuit court erred in ordering attorney Coyne to turn over Dr. Kane's reports to the State. In light of our finding that the respondents have a statutory right to a consultant, we need not address the remaining arguments raised on appeal.

¶ 23        We vacate the circuit court's orders compelling attorney Coyne to turn over Dr. Kane's reports evaluating respondents Dixon and Moody. We also vacate the order finding attorney Coyne in direct civil contempt and the $100 fine imposed. This case is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 24        Vacated and remanded.