# Illinois Official Reports

## Appellate Court

*In re Application of the County Collector*, 2014 IL App (2d) 140223

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY COLLECTOR, For Judgment and Order of Sale Against Land and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 2008 and Prior Years (James Wolfe, Petitioner-Appellant, v. De Kalb County Collector, Respondent-Appellee). |
| District & No. | Second District<br>Docket No. 2-14-0223 |
| Filed | December 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an appeal arising from the failure of petitioner, the purchaser of the unpaid property taxes, to get his money back after the trial court refused to declare a sale in error when petitioner's office made a typographical error and listed the extended redemption date as a Sunday, the appellate court remanded the cause to the trial court to determine whether a *bona fide* effort was made by petitioner to substantially comply with the statutory requirements for getting a tax deed and was therefore entitled to a declaration of a sale in error and the return of his money. |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 12-TX-50; the Hon. William P. Brady, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Terry J. Carter and Eric H. Wudtke, both of Carter Legal Group, P.C., of Chicago, for appellant. |
|---|---|
| | Richard H. Schmack, State's Attorney, of Sycamore (Stephanie Klein, Assistant State's Attorney, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Jorgensen and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1     This appeal concerns a tax purchaser, the petitioner, James Wolfe, who was not able to get his money back from the respondent, the De Kalb County collector, after the trial court refused to declare a sale in error. On appeal, the petitioner argues that the trial court erred in not granting him relief. We reverse and remand for additional proceedings.

¶ 2                                BACKGROUND

¶ 3     This case concerns 65.2 acres of unimproved farmland in De Kalb County. The property owner failed to pay the 2008 real estate taxes on that property in a timely fashion. On October 26, 2009, Oak Park Investments, Inc., purchased the unpaid taxes for $314,367.39 and received a tax certificate. The tax certificate was subsequently assigned to the petitioner.

¶ 4     On November 23, 2009, the petitioner filed a document with the county clerk's office indicating that the redemption period was extended to April 29, 2012. The notice incorrectly indicated that the original sale date was October 29, 2009.

¶ 5     On April 24, 2012, the petitioner filed an additional extension, extending the redemption period to September 18, 2012. On June 27, 2012, the petitioner filed a final extension, extending the redemption period to October 26, 2012. Also on June 27, 2012, the petitioner filed a petition for a tax deed.

¶ 6     The property was not redeemed from the tax sale by October 26, 2012.

¶ 7     On February 6, 2013, the petitioner filed a petition to vacate the tax sale pursuant to section 21-310(a)(5) of the Property Tax Code (35 ILCS 200/21-310(a)(5) (West 2012)). On August 20, 2013, the trial court denied the petition.

¶ 8     On September 23, 2013, the petitioner filed a petition for an order declaring a sale in error pursuant to section 22-50 of the Property Tax Code (35 ILCS 200/22-50 (West 2012)). On October 23, 2013, the trial court conducted a hearing on the petition. The petitioner explained that his office had made a typographical error and listed the tax sale date as October 29, 2009, instead of October 26, 2009. As such, he extended the redemption date to April 29, 2012 (a Sunday) instead of April 26, 2012. The petitioner testified that listing the Sunday redemption

date was not done deliberately or as a means to obtain a refund from the county or trick a tax-delinquent property owner. He therefore requested the return of the money he paid for the delinquent taxes.

¶ 9    Following the hearing, the trial court denied the petition for an order declaring a sale in error. The trial court explained that the redemption date for the property had not been properly extended, because by not providing the actual sale date the petitioner had not complied with the requirements of section 21-385 of the Property Tax Code (35 ILCS 200/21-385 (West 2012)). Because the redemption period had not been properly extended, the petitioner's tax deed would have to have been recorded or refused by October 26, 2012. Since neither of those events occurred by that date, the certificate of purchase became void with no right to reimbursement pursuant to section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2012)).

¶ 10    On November 1, 2013, the trial court denied the petitioner's petition for a tax deed.

¶ 11    Following the denial of his motion to reconsider the denial of the petition for an order declaring a sale in error, the petitioner filed a timely notice of appeal.

¶ 12                                    ANALYSIS

¶ 13    On appeal, the petitioner argues that the trial court erred in determining that section 21-385 requires strict compliance. The petitioner insists that, as section 21-385 requires only substantial compliance, his petition for an order declaring a sale in error was timely. He therefore contends that the trial court should have found that he made a *bona fide* effort to comply with the requirements of the Property Tax Code and that he is entitled to the return of his money.

¶ 14    The petitioner's argument requires us to construe the following provisions of the Property Tax Code. Section 21-385 of the Property Tax Code pertains to the extension of the redemption period. That section provides in pertinent part:

"Extension of period of redemption. The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption, or thereafter prior to the expiration of any extended period of redemption, for a period which will expire not later than 3 years from the date of sale, by filing with the county clerk of the county in which the property is located a written notice to that effect describing the property, stating the date of the sale and specifying the extended period of redemption." 35 ILCS 200/21-385 (West 2012).

Section 22-85 provides a basis to deny a tax deed, stating in pertinent part:

"Failure to timely take out and redeem deed; deed is void. Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement." 35 ILCS 200/22-85 (West 2012).

¶ 15    In interpreting a statute, the primary objective is to ascertain and give effect to the intent of the legislature. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). The legislature's intent in enacting a statute is best determined by the plain and ordinary meaning of

the statutory language. *Id.* "In determining the plain meaning of the statute, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Id.*

¶ 16    When the language of the statute is clear and unambiguous, the court must give it effect without resorting to other aids of construction. *Id.* The statute is deemed ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways. *Id.* Courts should construe statutes so as to yield logical and meaningful results and to avoid constructions that render specific language superfluous or meaningless. *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶ 37 (*CCPI*). Courts do not depart from plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Solon*, 236 Ill. 2d at 441. Courts may also consider the consequences that would result from construing the statute one way or the other. *Id.*

¶ 17    A statute should be interpreted as a whole, meaning that different sections of the same statute should be considered in reference to one another so that they are given harmonious effect. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). One section of a statute should not be interpreted in a way that renders another section of the same statute irrelevant. *CCPI*, 2012 IL App (1st) 101976, ¶ 38.

¶ 18    We note that section 21-385 is silent as to whether a tax purchaser must strictly comply with that section's requirements or whether substantial compliance is sufficient. This is different from other sections of the Property Tax Code that provide that strict compliance is required. See 35 ILCS 200/22-40(a) (West 2012) (requiring strict compliance with sections 22-10 through 22-25 of the Property Tax Code). Based on the principle of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another), this raises the inference that substantial compliance is sufficient for section 21-385. See *In re Davontay A.*, 2013 IL App (2d) 120347, ¶ 28 (where a statute lists the things to which it refers, it may be inferred that all omissions therefrom should be understood as exclusions).

¶ 19    This inference is further strengthened because redemption provisions, like section 21-385, are given liberal construction to encourage property owners to redeem their property. *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 952 (1981). When a provision is to be liberally construed, substantial compliance is generally deemed sufficient. See *United Legal Foundation v. Department of Revenue*, 272 Ill. App. 3d 666, 675-76 (1995) (as redemption laws are given liberal construction, redemption must be exercised in substantial compliance with the statute); see also *In re Joseph B.*, 258 Ill. App. 3d 954, 963 (1994) (because Adoption Act (750 ILCS 50/1 *et seq.* (West 1992)) provides that Act should be liberally construed, substantial compliance with adoption laws is generally deemed sufficient).

¶ 20    Based on the foregoing principles, we conclude that a tax purchaser must only substantially comply with the requirements of section 21-385. In so ruling, we find the respondent's reliance on *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966 (*Glohry*), to be misplaced. In *Glohry*, the reviewing court addressed the tax purchaser's failure to comply with section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West 2006)). The tax purchaser did not provide notice to the property owner of the actual date by which the owner could redeem her property (the section 22-5 notice indicated that the property owner had to redeem her property by a Sunday rather than the following Monday). The reviewing court found that the notice must be absolutely correct because errors in the date

- 4 -

for redemption would contravene the intent of the legislature. *Glohry*, 2011 IL App (1st) 101966, ¶ 36. Therefore, the tax purchaser was required to strictly comply with section 22-5 in order to get a tax deed. *Id.* The reviewing court rejected the tax purchaser's argument that requiring strict compliance was "nonsensical" because it would "place additional burdens on the tax purchaser to be required to ascertain weekend and holiday dates 2½ years in the future." *Id.* ¶ 40. The reviewing court explained that requiring the tax purchaser to list the proper date was "precisely" what the legislature intended. *Id.* The court further expounded that it believed that "the minuscule burden of requiring a tax purchaser to consult a calendar will not deter individuals from becoming tax purchasers." *Id.*

¶ 21 Here, the respondent insists that, like section 22-5, section 21-385 also requires an accurate redemption expiration date. The respondent further argues that, as in *Glohry*, requiring the tax purchaser to ensure that he lists accurate information on the section 21-385 notice would impose a miniscule burden on the tax purchaser. The respondent therefore contends that we should find that a tax purchaser must strictly comply with section 21-385.

¶ 22 We find the respondent's argument unpersuasive. First, even though section 21-385 mandates that the notice to extend the redemption date must contain certain information, it is well settled that even mandatory provisions may be satisfied by substantial compliance. See *Behl v. Gingerich*, 396 Ill. App. 3d 1078, 1086 (2009). Second, *Glohry* is distinguishable. In *Glohry*, the court held that there must be strict compliance with the notice requirements of section 22-5 before a tax purchaser may receive a tax deed and a property owner may be deprived of her property. Here, a tax purchaser's ability to get a tax deed is not at issue. Further, unlike in *Glohry*, the issue of proper notice to a property owner is not present. Section 21-385 does not require a tax purchaser to notify anyone of the extension other than the county clerk. *Glohry*, 2011 IL App (1st) 101966, ¶ 38.

¶ 23 We next address whether the petitioner substantially complied with section 21-385. Our review of this issue is *de novo*. See *In re Nicholas L.*, 407 Ill. App. 3d 1061, 1072 (2011) (whether given conduct constitutes substantial compliance with a statute is a question of law). Here, as the error was minor, we conclude that the petitioner did substantially comply with section 21-385. Section 21-385 requires that the tax purchaser (1) describe the property (which the petitioner did); (2) state the date of sale (which he misstated by three days); and (3) specify the extended period of redemption (which he also misstated by three days). Although the petitioner misstated two of the three dates, there is no indication in the record that the property owner or anyone else was prejudiced by those misstatements. Thus, we conclude that the petitioner did substantially comply with section 21-385. See *People v. LeFlore*, 2013 IL App (2d) 100659, ¶ 52 (trial court found to have substantially complied with Illinois Supreme Court Rule 401 (eff. July 1, 1984) where the deficiency in its admonishment did not prejudice the defendant). Accordingly, as the petitioner substantially complied with section 21-385, the trial court should have found that his petition for an order declaring a sale in error was timely filed.

¶ 24 Finally, the petitioner asks that we find that he made a *bona fide* effort to comply with the statutory requirements to get a tax deed and that he is therefore entitled to a declaration of a sale in error and the return of his money. However, whether the petitioner made a *bona fide* effort is a factual question. *Cf. Schaffner v. 514 West Grant Place Condominium Ass'n*, 324 Ill. App. 3d 1033, 1046 (2001) (whether person was a *bona fide* purchaser was a fact question). It is the role of the trial court, not this court, to make that factual determination. See *Walden v. Industrial Comm'n*, 76 Ill. 2d 193, 196 (1979) (not reviewing court's role to make factual

determinations in the first instance; it is the court's role to review those determinations); *People v. Walter*, 349 Ill. App. 3d 142, 145 (2004) (trier of fact's role to resolve factual disputes). We therefore remand this cause to the trial court for it to determine whether the petitioner made a *bona fide* effort to comply with the statutory requirements to get a tax deed and whether he is therefore entitled to a declaration of a sale in error and the return of his money.

¶ 25                                                 CONCLUSION

¶ 26        For the foregoing reasons, the judgment of the circuit court of De Kalb County is reversed and the cause is remanded for additional proceedings.

¶ 27        Reversed and remanded.